UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Mastronardi Produce Limited**, an Ontario corporation,

        Plaintiff,

vs.

**TerraSphere Systems LLC**, a Commonwealth of Massachusetts corporation;
**TerraSphere Inc.**, a Delaware corporation, jointly and severally,

        Defendants.

Case No.

Hon.
Magistrate Judge:

## COMPLAINT

Plaintiff, Mastronardi Produce Limited ("Mastronardi"), states as follows for its complaint against Defendant, TerraSphere Systems, LLC ("TerraSphere") and Defendant, TerraSphere Inc. ("TerraSphere Delaware"):

1. Mastronardi is a Canadian corporation with a principal place of business located in Kingsville, Ontario, Canada.

2. TerraSphere is a corporation formed under laws of the Commonwealth of Massachusetts with a registered and principal place of business located at 137A Lewis Whare, Boston, MA 02110.

3. TerraSphere Delaware is a Delaware corporation with a principal and registered office located at 137A Lewis Whare, Boston, MA 02110.

1

4.      This court had jurisdiction over this matter under 28 USC 1332 as the opposing parties are citizens of different States and the amount in controversy is in excess of $75,000.00, exclusive of costs, interest and attorney fees.

5.      Venue in this court is proper under 28 USC 1391 as (i) a substantial part of the events or omissions giving rise to the claims occurred within the venue of the court, (ii) a substantial part of the property that is the subject of the action is situated within the venue of the court, or (iii) each Defendant is subject to the personal jurisdiction of the court; either of which is sufficient to invoke proper venue under Section 1391.

6.      Mastronardi is a fourth-generation, family-owned and operated processor and distributor of greenhouse grown fresh produce. Mastronardi's affiliate, Mastronardi Produce-USA, Inc. ("Mastronardi USA"), conducts business from its primary repackaging and distribution facility located in Livonia, Michigan. Mastronardi USA also owns and operates the premises located at 5M Center Drive, Romulus, Michigan (the, "5M Building").

7.      Mastronardi and its affiliated entities and growing relationships conduct business worldwide.

8.      TerraSphere conducts business as a manufacturer of fruits and vegetables in controlled indoor environments and promotes itself as a clean, environmental friendly manufacturer.

### THE MASTRONARDI AND TERRASPHERE RELATIONSHIP

9.      In or about August 2007, Mastronardi and TerraSphere, through their representatives, entered into an agreement and understanding for the design, construction and operation of a commercial automated, closed loop growing system (the, "Growing System") for the production, marketing, sale and distribution of raspberries, blueberries, blackberries,

strawberries and tomatoes, grown for human consumption (the, "Venture"). The material terms of the Venture include, without limitation, the following:

    a. The Venture shall be owned equally by Mastronardi and TerraSphere;

    b. The System will consist of 20 carousels to contain 200 spheres for the production of raspberries, blueberries, blackberries, strawberries and tomatoes to be sold and delivered to wholesale or retail customers in North America;

    c. Any license or right to the Technology conveyed by TerraSphere to third parties must require all Products to be sold through the Venture;

    d. The System will be housed in an approximate 54,000 square foot facility located within the 5M Building;

    e. The cost of the System was agreed upon at Eight Hundred Eighty One Thousand Two Hundred Six ($881,206) U.S. Dollars;

    f. TerraSphere was to contribute to the Venture its technology for the System which the parties agreed to value at Two Hundred Forty One Thousand ($241,000) U.S. Dollars ("Technology"). TerraSphere was further obligated under the agreement and understandings between the parties to, among other obligations:

        i. cause to be manufactured and to sell or cause to be sold to the Venture equipment necessary for the operation of the System at the 5M Building,

        ii. provide the 5M Building facility design;

        iii. supervise, retrofit and prepare the 5M Building for operation of the System;

        iv. commission the 5M Building and train operating staff in System operations at the 5M Building;

        v. provide know-how on the System processes at the 5M Building;

        vi. deliver a Systems Operations and Maintenance manual to the 5M Building;

        vii. license technology to the Venture as agreed;

        viii. responsible for all equipment manufacturing;

      g.    Mastronardi was to contribute cash to the Venture of Six Hundred Forty Thousand Two Hundred Six ($640,206) U.S. Dollars; and

      h.    All expenses of the Venture shall be paid by the Venture. Mastronardi and TerraSphere shall equally be responsible for expenses incurred in furtherance of the Venture and shall reimburse to the other party in equal proportions.

10.    In accordance with the agreements and understandings of the parties, the Venture commenced and Mastronardi has contributed and incurred directly and,or indirectly through its affiliates, millions of dollars toward the furtherance of the Venture.

11.    TerraSphere partially performed its duties and obligations under the Venture by, (i) contributing its Technology, and (ii) causing to be manufactured and delivered to the 5M Building: 8 carousels representing 160 spheres of the System, together with the ancillary irrigation and computer system, and related components.

12.    Despite TerraSphere's partial performance in furtherance of the Venture, and despite Mastronardi's multiple attempts to assist and improve the System, TerraSphere to date has not provided a functional or operational System to the Venture, nor otherwise performed many of its obligations, duties and responsibilities owed to Mastronardi, as more fully set forth below.

## CONVERTED ORGANICS INC.'S PURCHASE OF TERRASPHERE

13.    TerraSphere Delaware is a subsidiary of Converted Organics Inc. ("COIN"), a Delaware corporation with a principal place of business located at the same principal address for TerraSphere at 137A, Lewis Wharf, Boston, MA, 02110.

14. On or about November 12, 2010, COIN acquired an ownership interest of TerraSphere.

15. TerraSphere Delaware was formed for the purpose of holding the investment that COIN acquired in TerraSphere, which according to COIN's Quarterly Report Form 10-Q filed for the quarter ending June 30, 2011 is a ninety-five (95%) interest of TerraSphere.

## COUNT I
## BREACH OF CONTRACT

16. Mastronardi incorporates paragraphs 1 through 15.

17. The Venture constitutes an agreement between Mastronardi and TerraSphere.

18. Mastronardi performed, and continues to perform all of its obligations under the Venture agreement between Mastronardi and TerraSphere.

19. TerraSphere has failed, refused, and continues to refuse to perform all of its duties and obligations owed to Mastronardi under the Venture agreement, including, without limitation, the following:

   a. TerraSphere has only manufactured and delivered 8 of the 20 carousels for the System;

   b. TerraSphere has not manufactured, delivered or caused to be sold to the Venture the equipment necessary for the operation of the System at the 5M Building. At no time has TerraSphere furnished a functioning System that can be used in furtherance of the Venture, despite Mastronardi's repeated requests and demands for such performance;

   c. TerraSphere has not timely sought to correct, modify or rectify the inoperable System at the 5M Building;

   d. TerraSphere has not provided the 5M Building facility design, nor the work required and necessary for the supervision, retrofit and preparation of the 5M Building for operation of the System;

  e. TerraSphere has not commissioned the 5M Building nor trained operating staff in System operations at the 5M Building;

  f. TerraSphere has not provided know-how on the System processes at the 5M Building;

  g. TerraSphere has not delivered a Systems Operations and Maintenance manual to the 5M Building;

  h. TerraSphere has not honored its responsibilities to provide all equipment manufacturing; and

  i. TerraSphere has not paid its share of the expenses of the Venture, nor reimbursed Mastronardi for such share on an equal basis consisting with their respective ownership interests.

20. The above actions and inactions of TerraSphere constitute a breach of the Venture agreement between the parties.

21. As a direct and proximate result of TerraSphere's breach, Mastronardi has suffered damages, including, without limitation, (i) millions of dollars of expenditures, value and allowances, (ii) damage to its reputation in the industry by failing to provide its customers with products that the Venture had promoted based on TerraSphere's assurances and representations of performance, quality and stability of the Technology and its ability to timely deliver its requirements under the Venture, and (iii) costs and expenses that continue to accrue.

22. As a result of TerraSphere Delaware's acquisition of TerraSphere's ownership interests, TerraSphere Delaware is jointly and severally liable for the damages caused by TerraSphere and incurred by Mastronardi, as set forth above.

Mastronardi requests that this court enter judgment in its favor against TerraSphere and TerraSphere Delaware, jointly and severally, for an amount in excess of $5,000,000, together with interest, costs, attorney fees, and all other relief this court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTIES - JOINT VENTURE

23. Mastronardi incorporates paragraphs 1 through 22.

24. The Venture between Mastronardi and TerraSphere constitutes a Joint Venture under applicable law.

25. At all times TerraSphere owed, and continues to owe, fiduciary duties to Mastronardi as co-venturer in connection with the Venture.

26. The fiduciary duties include, without limitation, the highest degree of loyalty and care, integrity, full disclosure and fairness, good faith and fair dealing among the co-venturers.

27. As a result of the actions and inactions of TerraSphere, including, without limitation,

   a. misrepresentations and the failure to disclose the quality and nature of the Technology and the inability to cause to be manufactured and furnished and to sell or cause to be sold to the Venture the equipment necessary for the operation of the System at the 5M Building;

   b. the failure and refusal to reimburse Mastronardi for its share of the expenses incurred in the Venture;

   c. the failure and refusal to manufacture and deliver 20 carousels for the System;

   d. the failure and refusal to timely correct, modify or rectify the inoperable System at the 5M Building, and otherwise utilize good faith efforts to seek to accomplish such endeavors;

   e. the failure and refusal to provide the 5M Building facility design, nor the work required and necessary for the supervision, retrofit and preparation of the 5M Building for operation of the System;

   f. the failure and refusal to commission the 5M Building and train operating staff in System operations at the 5M Building;

    g.    the failure and refusal to provide know-how on the System processes at the 5M Building;

    h.    the failure and refusal to deliver a Systems Operations and Maintenance manual to the 5M Building; and

    i.    the failure and refusal to provide all equipment manufacturing.

28.    As a direct and proximate result of such breach of duties, Mastronardi has suffered damages, including, without limitation, (i) millions of dollars of expenditures, value and allowances, (ii) damage to its reputation in the industry by failing to provide its customers with products that the Venture had promoted based on TerraSphere's assurances and representations of performance, quality and stability of the Technology and its ability to timely deliver its requirements under the Venture, and (iii) costs and expenses that continue to accrue.

29.    As a result of TerraSphere Delaware's acquisition of TerraSphere's ownership interests, TerraSphere Delaware is jointly and severally liable for the damages caused by TerraSphere and incurred by Mastronardi, as set forth above.

Mastronardi requests that this court enter judgment in its favor against TerraSphere and TerraSphere Delaware, jointly and severally, for an amount in excess of $5,000,000, together with interest, costs, attorney fees, and all other relief this court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTIES - PARTNERSHIP

30. Mastronardi incorporates paragraphs 1 through 29.

31. In the alternative that the Venture is determined not to be a Joint Venture, the Venture between Mastronardi and TerraSphere constitutes a partnership under applicable law.

32. At all times TerraSphere owed, and continues to owe, fiduciary duties to Mastronardi as co-partner in connection with the Venture.

33. The fiduciary duties include, without limitation, the highest degree of loyalty and care, integrity, full disclosure and fairness, good faith and fair dealing among the co-partners, and the fiduciary duties codified in the Michigan Uniform Partnership Act, MCL 449.1, et. seq., including, without limitation, MCL 449.18 through MCL 449.23.

34. As a result of the actions and inactions of TerraSphere, including, without limitation,

   a. misrepresentations and failure to disclose the quality and nature of the Technology and the inability to cause to be manufactured and furnished and to sell or cause to be sold to the Venture the equipment necessary for the operation of the System at the 5M Building;

   b. the failure and refusal to reimburse Mastronardi for its share of the expenses incurred in the Venture;

   c. the failure and refusal to manufacture and deliver 20 carousels for the System;

   d. the failure and refusal to timely correct, modify or rectify the inoperable System at the 5M Building, and otherwise utilize good faith efforts to seek to accomplish such endeavors;

e. the failure and refusal to provide the 5M Building facility design, nor the work required and necessary for the supervision, retrofit and preparation of the 5M Building for operation of the System;

f. the failure and refusal to commission the 5M Building and train operating staff in System operations at the 5M Building;

g. the failure and refusal to provide know-how on the System processes at the 5M Building;

h. the failure and refusal to deliver a Systems Operations and Maintenance manual to the 5M Building; and

i. the failure and refusal to provide all equipment manufacturing.

35. As a direct and proximate result of such breach of duties, Mastronardi has suffered damages, including, without limitation, (i) millions of dollars of expenditures, value and allowances, (ii) damage to its reputation in the industry by failing to provide its customers with products that the Venture had promoted based on TerraSphere's assurances and representations of performance, quality and stability of the Technology and its ability to timely deliver its requirements under the Venture, and (iii) costs and expenses that continue to accrue.

36. As a result of TerraSphere Delaware's acquisition of TerraSphere's ownership interests, TerraSphere Delaware is jointly and severally liable for the damages caused by TerraSphere and incurred by Mastronardi, as set forth above.

Mastronardi requests that this court enter judgment in its favor against TerraSphere and TerraSphere Delaware, jointly and severally, for an amount in excess of $5,000,000, together with interest, costs, attorney fees, and all other relief this court deems just and proper.

## COUNT IV
## FRAUD AND MISREPRESENTATION

37.     Mastronardi incorporates paragraphs 1 through 36.

38.     During the discussions and dealings between the parties, and at the time that the parties entered into the Venture and subsequent, TerraSphere, through it representatives, including, William Gildea ("Gildea") and Nick Brusatore ("Brusatore"), made material representations to Mastronardi, which included, without limitation, the following:

   a. that the existing Technology was of a kind and nature that would permit TerraSphere to cause to be manufactured and furnished and to sell or cause to be sold to the Venture the equipment necessary for the operation of the System at the 5M Building;

   b. that TerraSphere was ready, willing and able to provide the 5M Building facility design, and the work required and necessary for the supervision, retrofit and preparation of the 5M Building for operation of the System;

   c. that TerraSphere was ready, willing and able to commission the 5M Building and train operating staff in System operations at the 5M Building;

   d. that TerraSphere was ready, willing and able to provided know-how on the System processes at the 5M Building;

   e. that TerraSphere was ready, willing and able to deliver a Systems Operations and Maintenance manual to the 5M Building; and

   f. that TerraSphere was ready, willing and able to provide all equipment manufacturing.

39.     At the time that TerraSphere, through its representatives, including, Gildea and Brusatore, made the material representations to Mastronardi, such representations were false when made, and continue to be false.

11

40. At the time that TerraSphere, through its representatives, including, Gildea and Brusatore, made the false material representations to Mastronardi, TerraSphere, Gildea and Brusatore knew that such representations were false when made and,or made them recklessly, without knowledge of their truth and as a positive assertion.

41. At the time that TerraSphere, through its representatives, including, Gildea and Brusatore, made the false material representations to Mastronardi, such representations were made with the intention to induce reliance by Mastronardi to enter into the Venture with TerraSphere.

42. Mastronardi acted in reliance upon the false material representations by undertaking actions more fully described above and incurring great expense in furtherance of the Venture.

43. As a direct and proximate result of such reliance, Mastronardi has suffered damages, including, without limitation, (i) millions of dollars of expenditures, value and allowances, (ii) damage to its reputation in the industry by failing to provide its customers with products that the Venture had promoted based on TerraSphere's assurances and representations of performance, quality and stability of the Technology and its ability to timely deliver its requirements under the Venture, and (iii) costs and expenses that continue to accrue.

44. As a result of TerraSphere Delaware's acquisition of TerraSphere's ownership interests, TerraSphere Delaware is jointly and severally liable for the damages caused by TerraSphere and incurred by Mastronardi, as set forth above.

Mastronardi requests that this court enter judgment in its favor against TerraSphere and TerraSphere Delaware, jointly and severally, for an amount in excess of $5,000,000, together with interest, costs, attorney fees, and all other relief this court deems just and proper.

## COUNT V
## NEGLIGENT MISREPRESENTATION

45. Mastronardi incorporates paragraphs 1 through 44.

46. During the discussions and dealings between the parties, and at the time that the parties entered into the Venture and subsequent, TerraSphere, through it representatives, including, Gildea and Brusatore, made material representations to Mastronardi, which included, without limitation, the following:

    a.    that the existing Technology was of a kind and nature that would permit TerraSphere to cause to be manufactured and furnished and to sell or cause to be sold to the Venture the equipment necessary for the operation of the System at the 5M Building;

    b.    that TerraSphere was ready, willing and able to provide the 5M Building facility design, and the work required and necessary for the supervision, retrofit and preparation of the 5M Building for operation of the System;

    c.    that TerraSphere was ready, willing and able to commission the 5M Building and train operating staff in System operations at the 5M Building;

    d.    that TerraSphere was ready, willing and able to provide know-how on the System processes at the 5M Building;

    e.    that TerraSphere was ready, willing and able to deliver a Systems Operations and Maintenance manual to the 5M Building; and

    f.    that TerraSphere was ready, willing and able to provide all equipment manufacturing.

47. At the time that TerraSphere, through its representatives, including, Gildea and Brusatore, made the material representations to Mastronardi, such representations were false when made, and continue to be false.

48. At the time that TerraSphere, through its representatives, including, Gildea and Brusatore, made the false material representations to Mastronardi, TerraSphere, Gildea and Brusatore owed Mastronardi duties of care and loyalty to provide accurate information and full disclosure to Mastronardi, including, without limitation, the viability of the Technology and inability and intentions, as described above.

49. At the time that TerraSphere, through its representatives, including, Gildea and Brusatore, made false material representations to Mastronardi, TerraSphere, Gildea and Brusatore were negligent in making such misrepresentations, including, without limitation, failing to advise and disclose to Mastronardi that TerraSphere could not deliver the Technology as represented or otherwise perform, as more fully described above.

50. At the time that TerraSphere, through its representatives, including, Gildea and Brusatore, made the false material representations to Mastronardi, such representations were made with the intention to induce reliance by Mastronardi to enter into the Venture with TerraSphere.

51. Mastronardi acted in reliance upon the false material representations by undertaking actions more fully described above and incurring great expense in furtherance of the Venture.

52. As a direct and proximate result of the false material representations made by TerraSphere, Gildea and Brusatore, and reliance thereof by Mastronardi, Mastronardi has suffered damages, including, without limitation, (i) millions of dollars of expenditures, value and allowances, (ii) damage to its reputation in the industry by failing to provide its customers with products that the Venture had promoted based on TerraSphere's assurances and representations of performance, quality and stability of the Technology and its ability to timely deliver its requirements under the Venture, and (iii) costs and expenses that continue to accrue.

53. As a result of TerraSphere Delaware's acquisition of TerraSphere's ownership interests, TerraSphere Delaware is jointly and severally liable for the damages caused by TerraSphere and incurred by Mastronardi, as set forth above.

Mastronardi requests that this court enter judgment in its favor against TerraSphere and TerraSphere Delaware, jointly and severally, for an amount in excess of $5,000,000, together with interest, costs, attorney fees, and all other relief this court deems just and proper.

## COUNT VI
## INNOCENT MISREPRESENTATION

54. Mastronardi incorporates paragraphs 1 through 53.

55. During the discussions and dealings between the parties, and at the time that the parties entered into the Venture and subsequent, TerraSphere, through it representatives, including, Gildea and Brusatore, made material representations to Mastronardi, which included, without limitation, the following:

a. that the existing Technology was of a kind and nature that would permit TerraSphere to cause to be manufactured and furnished and to sell or cause to be sold to the Venture the equipment necessary for the operation of the System at the 5M Building;

b. that TerraSphere was ready, willing and able to provide the 5M Building facility design, and the work required and necessary for the supervision, retrofit and preparation of the 5M Building for operation of the System;

c. that TerraSphere was ready, willing and able to commission the 5M Building and train operating staff in System operations at the 5M Building;

d. that TerraSphere was ready, willing and able to provide know-how on the System processes at the 5M Building;

e. that TerraSphere was ready, willing and able to deliver a Systems Operations and Maintenance manual to the 5M Building; and

f. that TerraSphere was ready, willing and able to provide all equipment manufacturing.

56. At the time that TerraSphere, through its representatives, including, Gildea and Brusatore, made the material representations to Mastronardi, such representations were false when made, and continue to be false.

57. At the time that TerraSphere, through its representatives, including, Gildea and Brusatore, made the false material representations to Mastronardi, irrespective of TerraSphere, Gildea and Brusatore's knowledge that such representations were false when made and,or made them recklessly, without knowledge of their truth and as a positive assertion, such representations actually deceived Mastronardi in acting in furtherance of the Venture as more fully described above.

58. Mastronardi acted in reliance upon the false material representations made by TerraSphere, Gildea and Brusatore by undertaking actions more fully described above and incurring great expense in furtherance of the Venture.

59. As a direct and proximate result of such reliance, Mastronardi has suffered damages, including, without limitation, (i) millions of dollars of expenditures, value and allowances, (ii) damage to its reputation in the industry by failing to provide its customers with products that the Venture had promoted based on TerraSphere's assurances and representations of performance, quality and stability of the Technology and its ability to timely deliver its requirements under the Venture, and (iii) costs and expenses that continue to accrue.

60. The loss and damage suffered by Mastronardi has inured to the benefit of TerraSphere and TerraSphere Delaware.

61. As a result of TerraSphere Delaware's acquisition of TerraSphere's ownership interests, TerraSphere Delaware is jointly and severally liable for the damages caused by TerraSphere and incurred by Mastronardi, as set forth above.

Mastronardi requests that this court enter judgment in its favor against TerraSphere and TerraSphere Delaware, jointly and severally, for an amount in excess of $5,000,000, together with interest, costs, attorney fees, and all other relief this court deems just and proper.

## COUNT VII
## PROMISSORY ESTOPPPEL

62. Mastronardi incorporates paragraphs 1 through 61.

63. In the alternative that an express or implied contract is deemed not to exist between Mastronardi and TerraSphere; TerraSphere, through its representatives, made certain promises to Mastronardi, including, the following:

   a. to contribute to the Venture its Technology for the System which the parties agreed to value at Two Hundred Forty One Thousand ($241,000) U.S. Dollars;

   b. that it would cause to be manufactured and to sell or cause to be sold to the Venture equipment necessary for the operation of the System at the 5M Building,

   c. to provide the 5M Building facility design;

   d. to supervise, retrofit and prepare the 5M Building for operation of the System;

   e. to commission the 5M Building and train operating staff in System operations at the 5M Building;

   f. to provide know-how on the System processes at the 5M Building;

   g. to deliver a Systems Operations and Maintenance manual to the 5M Building;

   h. to license technology to the Venture as agreed;

   i. to be responsible for all equipment manufacturing; and

   j. to share equally in all expenses of the Venture.

64. TerraSphere's promises were clear, definite, and unequivocal and specifically made to induce Mastronardi to enter into the Venture and undertake the actions, expenditures and course of conduct more fully set forth above, and for which TerraSphere has benefited, which continue to the present date.

18

65. Despite Mastronardi's repeated demands for performance and payment, TerraSphere has failed, refused, and continues to refuse to perform and undertake the promises made to Mastronardi.

66. At the time of making the promises and inducing the action on Mastronardi's part, TerraSphere could reasonably foresee that its failure to perform as promised would cause the damages that Mastronardi has suffered.

67. As a direct and proximate result of such failure to perform as promised, Mastronardi has suffered damages, including, without limitation, (i) millions of dollars of expenditures, value and allowances, (ii) damage to its reputation in the industry by failing to provide its customers with products that the Venture had promoted based on TerraSphere's assurances and representations of performance, quality and stability of the Technology and its ability to timely deliver its requirements under the Venture, and (iii) costs and expenses that continue to accrue.

68. The loss and damage suffered by Mastronardi has inured to the benefit of TerraSphere and TerraSphere Delaware.

69. As a result of TerraSphere Delaware's acquisition of TerraSphere's ownership interests, TerraSphere Delaware is jointly and severally liable for the damages caused by TerraSphere and incurred by Mastronardi, as set forth above.

Mastronardi requests that this court enter judgment in its favor against TerraSphere and TerraSphere Delaware, jointly and severally, for an amount in excess of $5,000,000, together with interest, costs, attorney fees, and all other relief this court deems just and proper.

## COUNT VIII
## UNJUST ENRICHENT

70. Mastronardi incorporates paragraphs 1 through 70.

71. Mastronardi has provided certain benefits to TerraSphere more fully set forth above.

72. TerraSphere knowingly received the benefits conferred upon it by Mastronardi.

73. TerraSphere will be unjustly enriched at Mastronardi's expense if it is entitled to retain all of the past and future benefits without making full restitution to Mastronardi.

74. As a result of TerraSphere Delaware's acquisition of TerraSphere's ownership interests, TerraSphere Delaware is jointly and severally liable for the damages caused by TerraSphere and incurred by Mastronardi, as set forth above.

Mastronardi requests that this court enter judgment in its favor against TerraSphere and TerraSphere Delaware, jointly and severally, for an amount in excess of $5,000,000, together with interest, costs, attorney fees, and all other relief this court deems just and proper.

August 24, 2011

/s/David E. Einstandig
David E. Einstandig (P47344)
**THAV GROSS PC**
Attorneys for Plaintiff
30150 Telegraph Road, Suite 444
Bingham Farms, Michigan 48025
Telephone :   248-645-1700
Facsimile:    248-645-8205
deinstandig@thavgross.com